David McKEE, Appellant

v.

UNITED STATES PAROLE
COMMISSION, et al.,
Appellees.

No. 05–5481.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 8, 2006.

David McKee, Glenville, WV, pro se.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Mary Larkin Wilson, Assistant Attorney General, Edward Eugene Schwab, Deputy Attorney General, Robert James Spagnoletti, Attorney General, Office of Attorney General for the District of Columbia (Appellate Division), Washington, DC, for Appellees.

Before: GINSBURG, Chief Judge, and SENTELLE and RANDOLPH, Circuit Judges.

### JUDGMENT

This appeal from the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(b). It is

**ORDERED** and **ADJUDGED** that McKee's motion for a certificate of appealability on his due process claim is granted and that the district court's judgment is affirmed.

McKee claims that the decision of the D.C. Court of Appeals in *U.S. Parole Commission v. Noble*, 693 A.2d 1084 (D.C. 1997), was so unforeseeable that retroactive application of the decision violates the Fifth Amendment. Because reasonable jurists could debate this issue, McKee is entitled to a certificate of appealability.

On the merits, we need not answer whether retroactive application of *Noble* was unforeseeable. No question of retroactivity is at issue in this case. Although "judicial enlargement of a criminal statute" may be subject to retroactivity analysis, *Bouie v. City of Columbia*, 378 U.S. 347, 353, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), merely construing a statute is not. "A

judicial construction of a statute is an authoritative statement of what the statute meant *before as well as after* the decision of the case giving rise to that construction." *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312–13, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994) (emphasis added). In *Noble,* the D.C. Court of Appeals addressed an issue of first impression— namely, whether D.C. law denies street-time credits to parole violators. *Noble* provided an authoritative statement of the meaning of D.C.CODE § 24–206(a) (1981) that was consistent with the statutory language, the principle that repeals by implication are disfavored, and the other court decision to have interpreted the statute, *Tyler v. United States,* 929 F.2d 451 (9th Cir.1991). Therefore, applying the statute as construed in *Noble* to McKee's case raises no due process issue.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. Because McKee moved during oral argument for expedited issuance of the mandate in light of his approaching release date, the clerk is directed to issue forthwith the mandate herein. *See* D.C.CIR. R. 41(a)(1).